UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JIE FANG, *et al.*,
        Plaintiff,

v.

THOMAS D. HOMAN, *et al.*,
        Defendants.

Civil Action No.: 17-2092 (JLL)

**OPINION**

**LINARES**, Chief District Judge.

This matter comes before the Court by way of Defendants' Thomas D. Homan (Acting Director of U.S. Immigration and Customs Enforcement), John F. Kelly (U.S. Secretary of Homeland Security), and James McCament (Acting Director of U.S. Citizenship and Immigration Services) (collectively "Defendants") motion to dismiss Plaintiff's First Amended Complaint ("FAC") pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (ECF No. 32). Plaintiffs have submitted opposition to Defendants' motion, (ECF No. 44), and Defendants submitted a reply brief, (ECF No. 48). The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants the Motion to Dismiss and dismisses Plaintiff's Complaint without prejudice.

## **BACKGROUND**[1]

---

[1] This background is derived from Plaintiffs' Complaint, which the Court must accept as true at this stage of the proceedings. *See Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 758 (3d Cir. 2009).

allow them to further their education in the U.S and obtain lawful work-study employment. (ECF No. 8 ("FAC") ¶¶ 2–4).[2] To enroll in UNNJ, Plaintiffs went through academic brokers. (FAC ¶¶ 3–4). Unbeknownst to Plaintiffs, UNNJ was a fake university created by Immigration and Customs Enforcement ("ICE") as part of a sting operation to investigate and prosecute academic brokers who ICE believed were committing visa fraud. (FAC ¶ 5). ICE took extensive steps to make UNNJ appear legitimate, including a website, social media activity, and staffing it with an active President, "Dr. Steven Brunetti, Ph.D." (FAC ¶ 6). ICE shut down UNNJ in April 2016, arrested twenty one academic brokers, and then began terminating the student status of Plaintiffs and all other foreign students who had enrolled at UNNJ for their "fraudulent enrollment." (FAC ¶ 8). In fact, at no point before ICE terminated their student status, did Plaintiffs know that UNNJ was not a legitimate school, as they were repeatedly assured by both UNNJ and their agents that the university was legitimate. (FAC ¶ 9).

Based on ICE's fraud determination, each of the five plaintiffs have had their visas terminated and have pending applications for reinstatement. (FAC ¶¶ 51, 56, 62, 66, 70). Following these events, Plaintiffs filed suit against Defendants in this Court alleging four related claims: (i) a "blanket" finding of fraudulent enrollment was made without affording Plaintiffs procedural due process; (ii) the "blanket" fraud finding was "arbitrary and capricious" under the Administrative Procedures Act ("APA"); (iii) the termination of Plaintiffs' F-1 status was arbitrary and capricious under the APA; and (iv) Defendants should be estopped from relying on Plaintiffs' enrollment in UNNJ as a basis for finding that they committed fraud or denial of their immigrant

---

[2] Plaintiffs initially brought this action on November 18, 2016. (See ECF No. 1 ("Compl.")). Subsequently, Plaintiffs amended the complaint on December 9, 2016. (*See* FAC). Therefore, the relevant pleadings for this case will be taken from FAC.

benefits. (FAC ¶¶ 83–86 (Count I); 87–89 (Count II); 90–93 (Count III); 94–97 (Count IV)). Plaintiffs now seek injunctive and declarative relief. (*See* FAC at 27 ("relief requested")).

## LEGAL STANDARD

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a Defendant may move to dismiss a complaint for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The Plaintiff, as the party asserting jurisdiction, bears the burden to establish the federal court's authority to hear the matter. *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993). However, depending on the nature of the attack under Fed. R. Civ. P. 12(b)(1), which may either assert a factual or facial challenge to the court's jurisdiction, a presumption of truthfulness may attach to the plaintiff's allegations. *See Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006); *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *Turicentro, S.A. v. American Airlines, Inc.*, 303 F.3d 293, 300 n. 4 (3d Cir. 2002). When a defendant facially attacks the Court's jurisdiction under Rule 12(b)(1), this type of challenge contests the adequacy of the language used in the pleading; the trial court must therefore construe the pleadings in a light most favorable to the plaintiff and presume all well-pleaded factual allegations in the complaint as true. *Turicentro*, 303 F.3d 293, 300 n. 4; *Gould*, 2201 F.3d at 176. Alternatively, when bringing a factual attack, the defendant contends that the facts on which the plaintiff's allegations rely are not true. *Id.* Therefore, the plaintiff's allegations do not benefit from a presumption of truthfulness. The court, instead, must weigh the evidence in its discretion by taking into account affidavits, documents, and even limited evidentiary hearings. *Id.*

## ANALYSIS

Plaintiffs purport to assert a variety of claims throughout the FAC. Construing the FAC in a light most favorable to Plaintiffs, the Court understands that Plaintiffs' causes of action arise out

3

of ICE terminating their student status and deeming their enrollment is fraudulent. However, these claims turn on whether ICE's determination qualified as a "final agency action" and whether this case is ripe for review. Below, the Court addresses these issues and dismisses the FAC without prejudice.

## A. <u>Final Agency Action</u>

This Court finds that Plaintiffs have not alleged a final agency action because their applications for reinstatement are still pending. The APA outlines the power and scope of judicial review over administrative regulations promulgated by agencies of the United States. 5 U.S.C. § 701 *et seq*. Significantly, the APA provides that only "final agency action[s] or "action[s] made reviewable by statute are subject to judicial review. *Id.* at § 704. Unless a statute provides that an agency action is directly reviewable in federal court, a plaintiff seeking relief for an agency action must first exhaust all available administrative remedies. *See* 5 U.S.C. § 704; *see also Myers v. Bethlehem Corp.*, 303 U.S. 41, 50–51 (1938) (noting the "long-settled rule of judicial administration that no one is entitled to judicial relief for a supposed threat or injury until the prescribed administrative remedy has been exhausted."). Additionally, and relevant here, an initial administrative action that begins an investigation or other administrative proceeding is not a "final agency action." *See FTC v. Standard Oil Co. of Cal.*, 449 U.S. 232, 239 (1980); *Hindes v. F.D.I.C.*, 137 F.3d 148, 154 (3d Cir. 1998).

Plaintiffs argue that ICE's decision to terminate their student status for the nonexistent UNNJ is a final agency action. (ECF No. 32 at 14). However, the initial decision of terminating Plaintiffs' visas cannot be seen as "final" given that ICE is currently in the process of deciding if Plaintiffs are entitled to reinstatement of their visas. The reinstatement application makes ICE's initial determination more akin to the beginning of an administrative proceeding than enacting a

final action. (ECF No. 32 at 16). Any decisions by this court regarding the fraudulent enrollment would inherently interfere with the ICE process. Thus, as of now, there is no final administrative action for Plaintiff to assert any of their claims against.

**B. Ripeness**

Additionally, Plaintiffs' claims are not ripe for review. The ripeness doctrine "serves to determine whether a party has brought an action prematurely and counsel's abstention until such time as a dispute is sufficiently concrete to satisfy the constitutional and prudential requirements of the doctrine." *Khodara Envtl., Inc. v. Blakey*, 376 F.3d 187, 196 (3d Cir.2004) (quoting *Peachlum v. City of York*, 333 F.3d 429, 433 (3d Cir.2003)). By abstaining from deciding a case until it is ripe, a court ensures that it will decide only "a real and substantial controversy admitting of specific relief through a decree of a conclusive character." *Surrick v. Killion*, 449 F.3d 520, 527 (3d Cir.2006). To determine whether a case is ripe, courts "generally examine: '(1) the fitness of the issues for judicial decision, and (2) the hardship to the parties of withholding court consideration.'" *Khodara Envtl., Inc. v. Blakey*, 376 F.3d 187, 196 (3d Cir.2004) (quoting *Peachlum*, 333 F.3d at 434).

The case before the Court is not fit for judicial review because Plaintiffs are seeking the same determination – whether their enrollments were fraudulent – that they are already seeking from their pending applications. Moreover, since ICE proceedings are ongoing, the record before this Court is incomplete, and this Court must wait for the agency's determination. Furthermore, as Defendant correctly points out, immediate hardship cannot be shown because the administrative proceeding will likely be resolved in the coming months without any action needed from this Court. (ECF No. 32 at 22). Therefore, Plaintiffs' claims also fail on ripeness grounds.

proceeding will likely be resolved in the coming months without any action needed from this Court. (ECF No. 32 at 22). Therefore, Plaintiffs' claims also fail on ripeness grounds.

## **CONCLUSIONS**

For the reasons above, the Court grants Defendants' Motion to Dismiss without prejudice. An appropriate Order accompanies this Opinion.

_____
JOSE L. LINARES
Chief Judge, United States District Court

Date: October 2nd, 2017