UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK VICINAGE

| | |
|---|---|
| YI DONG, *et al.*, <br><br>　　　　　Plaintiffs, <br><br>　v. <br><br>TAE D. JOHNSON , *et al.*, <br><br>　　　　　Defendants. | Civil Action No.: 17-2092-ES-JSA <br><br> **ORDER GRANTING JOINT MOTION FOR PRELIMINARY CLASS CERTIFICATION AND PRELIMINARY SETTLEMENT APPROVAL** |

Before the Court is a joint motion by the parties[1] to preliminarily certify a settlement class and preliminarily approve a settlement agreement ("Settlement") executed on November 22, 2021. Having reviewed the parties' motion papers and the attachments thereto, the Court **GRANTS** the motion, and hereby finds and orders as follows:

1.　　The named plaintiffs and class members are foreign nationals who enrolled in the University of Northern New Jersey ("UNNJ"), a fictitious university created by the Department of Homeland Security ("DHS").

2.　　DHS closed UNNJ on April 5, 2016. It thereafter issued notices to certain named plaintiffs and class members informing them that their Student and Exchange Visitor Information

---

[1]　　The named plaintiffs are Yi Dong, Xian Feng, Yiqi Huang, Shaofu Li, Kaushalkumar Patel, Hirenkumar Patel, and Qing Wang. The defendants are Tae D. Johnson, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement ("ICE"); Ur Mendoza Jaddou, in her official capacity as Director, U.S. Citizenship and Immigration Services ("USCIS"); Alejandro Mayorkas, in his official capacity as Secretary, Department of Homeland Security; the United States Department of Homeland Security ("DHS"); the United States Department of State ("DOS"); the United States Department of Education ("DOE"); and the United States of America.

System ("SEVIS") records and the Form I-20 issued to them by UNNJ were set to "Terminated status.".

3. Plaintiffs initiated this putative class-action lawsuit in the United States District Court for the Eastern District of New York in November 2016, alleging that the termination of their student status violated the Fifth Amendment of the U.S. Constitution and the Administrative Procedure Act ("APA"), and that the Government should be equitably estopped from using their enrollment in UNNJ against them in future immigration applications.

4. The action was transferred to this Court in April 2017.

5. The Court dismissed the lawsuit for lack of subject-matter jurisdiction, but the U.S. Court of Appeals for the Third Circuit reversed and remanded to this Court for further proceedings consistent with its opinion. *See Fang v. Dir., ICE*, 935 F.3d 172 (3d Cir. 2019).

6. Plaintiffs thereafter filed a Second Amended Complaint (the operative complaint) on March 18, 2020, naming the current named class representatives and defendants. *See* ECF No. 74.

7. After more than five years of litigation, the parties executed the Settlement Agreement on November 22, 2021.

8. On December 19, 2021, the parties jointly moved this Court to preliminarily certify a settlement class and preliminarily approve the parties' Settlement pursuant to Federal Rule of Civil Procedure 23(e)(1)(B).

9. Pursuant to Federal Rule of Civil Procedure 23(e)(2)(B), the Court finds that it "will likely be able to . . . certify the class for purposes of judgment" on the parties Settlement proposal. The Court therefore preliminarily certifies a class consisting of the following members: "Any

noncitizen who, for any period of time, enrolled in the University of Northern New Jersey ('UNNJ')."

  a. This class meets the requirements for class certification under Fed. R. Civ. P. 23(a) because: (1) the class members are so numerous that joinder of all class members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims of the named plaintiffs are typical of those of the class; and (4) the named plaintiffs and their counsel will fairly and adequately protect the interests of the class.

  b. As Rule 23(a)(1) of the Federal Rules of Civil Procedure requires, the class is "so numerous that joinder of all members is impracticable." There are over 1,000 individuals who meet the class definition—a number far greater than the 40-member baseline for numerosity established by the Third Circuit. *See In re NFL Players Concussion Injury Litig.*, 821 F.3d 410, 426 (3d Cir. 2016).

  c. As Rule 23(a)(2) of the Federal Rules of Civil Procedure requires, there is at least one question of law or fact common to the class. The common questions of law and fact Plaintiffs' claims present include: (1) whether Defendants made findings that class members engaged in fraud by enrolling in UNNJ; (2) if Defendants did make such findings, whether those findings violated the APA and procedural due process; (3) whether the termination of class members' SEVIS status was arbitrary and capricious in violation of the APA; (4) whether the representations Defendants made to class members during the UNNJ operation constituted affirmative misconduct; and (5) whether an estoppel claim is viable under the circumstances of this case. Any one of these common questions satisfies the commonality requirement.

  d. As Rule 23(a)(3) of the Federal Rules of Civil Procedure requires, the named plaintiffs' claims are typical of those of the class. Each of the named plaintiffs enrolled in UNNJ

and alleges immigration-related harm stemming from that enrollment and the subsequent termination of their F-1 nonimmigrant status. Their claims and the harm they allege are typical of the class.

   e. As Rule 23(a)(4) of the Federal Rules of Civil Procedure requires, the named plaintiffs fairly and adequately protect the interests of the class because none of the named plaintiffs' interests are antagonistic to those of the class as a whole. Moreover, proposed class counsel—Ira J. Kurzban, Edward F. Ramos, and Elizabeth Montano of the law firm Kurzban Kurzban Tetzeli & Pratt—are qualified, experienced, and capable of protecting and advancing the interests of the class.

   f. The Court further finds that certification of a settlement class is warranted under Federal Rule of Civil Procedure 23(b)(2), as Defendants' actions apply generally to the class such that final injunctive relief is appropriate to the class as a whole.

  11. The Court hereby appoints as class counsel attorneys Ira J. Kurzban, Edward F. Ramos, and Elizabeth Montano of the law firm Kurzban Kurzban Tetzeli & Pratt.

  12. Pursuant to Federal Rule of Civil Procedure 23(e)(1)(B), the Court preliminarily finds that the terms of the parties' Settlement Agreement appear fair, reasonable, and adequate such that notice of the proposed Settlement should be directed to the preliminarily certified class.

  13. The Court approves the revised class notice ("Notice") submitted by the parties pursuant to the Court's December 21, 2021 Minute Order (ECF No. 131).

  14. The Court approves the parties' agreement regarding distribution of notice to the class. The Notice (in substantially the form of the revised Notice referenced above) shall be disseminated to the class consistent with the terms of the parties' Settlement Agreement, namely, as follows:

    a. Defendants shall take the following steps to effectuate notice to the class:

        i. Send the full Notice in paper form to class members as follows: (i) for class members with an application for immigration benefits currently pending with DHS, to the address on record for the pending application; (ii) for class members with no application for immigration benefits currently pending with DHS, to the last address a class member provided to DHS on Form AR-11, unless the class member has departed the United States; and (iii) if the class member is or has been in removal proceedings, the latest address of the class member on file with the Executive Office for Immigration Review ("EOIR");

        ii. Send the full Notice in paper form to the addresses on file with Defendants for the most recent legal representatives of every class member in matters before DHS, DOS, and EOIR, in compliance with statutory and regulatory confidentiality provisions;

        iii. Send the full Notice in electronic form to the email address(es) of a class member and legal representative (if any) that appear in: (i) SEVIS records or myUSCIS account records; and (ii) DOS electronic visa applications;

        iv. Post the full Notice on the websites for DHS, USCIS, ICE, DOS, and DOE; and

        v. Post an announcement on the main social media accounts of DHS, USCIS, ICE, and DOE, with a link to each agency's respective posting.

    b. Plaintiffs' Counsel shall take the following steps to effectuate notice to the class:

    i. Distribute the full Notice to trade publications that represent noncitizens, including the American Immigration Lawyers Association ("AILA"), American Immigration Council ("AIC"), the National Immigration Project of the National Lawyers Guild ("NIPNLG"), Immigrants' List, and other immigration-related nonprofit organizations known to Plaintiffs' Counsel;

    ii. Post the full Notice on the website of Plaintiffs' Counsel;

    iii. Post an announcement on all social media accounts of Plaintiffs' Counsel, directing readers to the appropriate website posting; and

    iv. Send the full Notice in electronic form to all class members and legal representatives of class members known to Plaintiffs' Counsel.

15. The Court finds that the Notice and notice procedures described above constitute valid and sufficient notice to the settlement class and represent the best notice practicable under the circumstances. The Notice apprises class members in a fair and neutral way of the existence of the Settlement Agreement and their rights and obligations under the proposed Settlement. Dissemination of the Notice as provided above is hereby authorized and approved, and satisfies the notice requirements of Rule 23(e) of the Federal Rules of Civil Procedure.

16. Counsel for the parties shall begin to effectuate notice to the class no later than January 17, 2022.

17. All steps to effectuate notice to the class shall be completed no later than March 3, 2022.

18. Any class member who objects to the terms of the Settlement and who wishes for the Court to consider their objections must submit their objections in writing to counsel for the

Plaintiffs and Defendants following the procedures described in the Notice. The Court will consider objections that are received by counsel no later than April 4, 2022.

19. Any class member who fails to properly and timely serve objections or comments shall be foreclosed from objecting to the Settlement unless otherwise ordered by the Court.

20. Counsel for the parties shall file a Motion for Final Approval of Settlement no later than April 11, 2022. Counsel for the parties shall attach all timely objections as exhibits to their motion for final settlement approval.

21. The Court finds that a hearing should be set to consider whether the proposed Settlement is fair, reasonable, and adequate, and whether the Court should issue final certification of the settlement class and grant final approval of the Settlement. As such, a Fairness Hearing pursuant to Rule 23(e) of the Federal Rules of Civil Procedure shall be held before the Court on May 2, 2022 at 12:00 pm in Courtroom 5A, U.S. District Court, 50 Walnut St., Newark, NJ 07102. If the Court later decides to hold the Fairness Hearing via Zoom videoconference due to the ongoing COVID-19 pandemic, or orders any other change to the place or time of the Fairness Hearing, Plaintiffs' Counsel must announce any such change on its website in a timely manner after the Court so orders.

22. Any class member may request permission to speak at the Fairness Hearing by submitting a request in writing to counsel for the parties no later than April 4, 2022, consistent with the procedures for the submission of objections. Any such request shall be submitted as an exhibit to the parties' Motion for Final Approval of Settlement and shall be noted in the motion.

**IT IS SO ORDERED.**

Dated: January 10, 2022

_____
HON. ESTHER SALAS
UNITED STATES DISTRICT JUDGE